WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
           jchang@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS (**Pension Fund** by its Trustees, Cedric Ota, Greg Uyematsu, Leonard Leong, Alan Shintani, Fred Lau, Karl Kamada, Mark Matsumoto, Peter Ganaban, Joby North II, Alfonso Oliver, Pete Lindsey, and Narsi Ganaban; **Health & Welfare Fund** by its Trustees, Russell Nonaka, Anacleto Alcantra, Ron Prescott, Mark Tagami, Mark Tamashiro, Alfonso Oliver, Mark Matsumoto, Peter Ganaban, Joby North II, and Richard Nishie; **Annuity Fund** by its Trustees, Ryan Wada, Clay Asato, Anacleto Alcantra, Craig Nakanishi, Claude Matsumoto, | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "A"; SUMMONS** |

Mark Matsumoto, Alfonso Oliver, Peter Ganaban, Joby North II, and Richard Nishie; **Laborers' and Employers' Cooperation and Education Trust Fund (LECET)** by its Trustees, Kenneth Kobatake, Leonard Dempsey, Mark Tamashiro, Deron Matsuoka, Peter Ganaban, Mark Matsumoto, Joseph Yaw, and Alfonso Oliver; **Apprenticeship and Training Fund** by its Trustees, Stephen Yoshida, Van Goto, Scott I. Higa, Leonard Leong, Anthony Tomas, Peter Ganaban, Mark Matsumoto, Alfonso Oliver, Richard Nishie, and Alvis McCann; **Vacation & Holiday Fund by its Trustees**, Burt Watanabe, Kyle Nakamura, Anacleto Alcantra, Claude Matsumoto, Alfonso Oliver, Joby North II, Mark Matsumoto, and Peter Ganaban,

            Plaintiffs,

  vs.

TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba TAU MASONRY,

            Defendants.

(130223/950361)

2

## COMPLAINT FOR SPECIFIC
## PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendants above-named alleges and avers as follows:

### FIRST CAUSE OF ACTION
### (SPECIFIC PERFORMANCE)

1. Plaintiffs are the Trustees of the Hawaii Laborers' Trust Funds which consist of the Hawaii Laborers' Health & Welfare Trust Fund, Hawaii Laborers' Pension Trust Fund, Hawaii Laborers' Apprenticeship and Training Trust Fund, Hawaii Laborers' Vacation & Holiday Trust Fund, Hawaii Laborers' Annuity Trust Fund, and Hawaii Laborers and Employers' Cooperative and Education Trust Fund (hereafter "Trust Funds").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3

3. At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant TAU MASONRY, LLC, (hereinafter "Defendant TAU"), was a Hawaii limited liability company, located at 126 Halelo Street, Lahaina, Hawaii 96761, and doing business in the State of Hawaii.

5. Plaintiffs are informed and believe, and allege that at times relevant herein that Defendant TAUSINGA HAFOKA, individually, and doing business as the trade name "TAU

MASONRY" (hereinafter "Defendant HAFOKA") has been a resident of the State of Hawaii.

6. Plaintiffs are informed and believe, and thereon allege, at all times relevant herein, Defendant HAFOKA, was a member of Defendant TAU, and in charge of the day-to-day operations of Defendant TAU, including the decisions pertaining to the payment of contributions to Plaintiffs.

7. On or about June 30, 2016, Defendant TAU, by and through Defendant HAFOKA, made, executed and delivered to the Laborers' International Union of North America, Local 368, AFL-CIO (hereinafter "Union"), that certain written agreement entitled "LABORERS' PROJECT AGREEMENT MASONRY CONTRACTORS," (hereinafter "Agreement") covering Defendants' laborers in the State Of Hawaii.  A true copy of said Agreement is attached hereto as Exhibit "A", and is incorporated herein by reference.  The parties agreed that the Agreement shall apply to the Project known as "KEOKEA HAWAIIAN HOME LANDS PROJECT PHASE 1A."  Said Agreement states in pertinent part that "The Contractor acknowledges receipt of, and agrees to comply with, all understandings, terms and conditions of the Labor Agreement

5


Covering Construction Masonry Laborers in the State of Hawaii ("Masonry Agreement"), including Trust Agreements pertaining to Health & Welfare, Pension, Training, Vacation/Holiday, Annuity, LECET, or any other fund(s) as established, negotiated by and between the Mason Contractors Association of Hawaii and the Union, and any and all amendments, modifications, changes, extensions, and renewals thereof, except as modified herein." By said agreements, an "Employer" means any contractor, individual, partnership, corporation, or other entity who is an employer and is a party to said agreements with the Union, or any contractor, individual, partnership corporation or other entity who, by signed document or understanding of agreement as a party to said agreements, submits payments to the Trust Funds.

8. By said agreement(s), Defendants promised to submit timely reports to the Trust Funds regarding hours worked by Defendants' covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid,

and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

9. By said agreement(s), Defendants agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendants would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

10. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

11. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

12. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

13. Plaintiffs have notified Defendants and have demanded that said Defendants submit timely payments and report.  Plaintiffs have further notified and demanded said Defendants to submit to a project audit for the period of July 2017 to the present. However, said Defendants have failed, neglected and refused to comply with these demands.

14. On or about July 29, 2016, Defendant HAFOKA, on behalf of Defendant TAU, filed Articles of Termination with the State of Hawaii, Department of Commerce and Consumer Affairs (hereinafter "DCCA").

8

15. On or about July 29, 2016, Defendant HAFOKA filed an Application for a Trade Name with the DCCA for the trade name "Tau Masonry" whose address is the same as Defendant TAU, 126 Halelo Street, Lahaina, Hawaii 96761.

16. Defendants continue to fail, neglect and refuse to submit timely payments, reports and audit, and will continue to do so unless ordered to specifically perform the agreement(s) to submit timely payments, reports and audit, Defendants will continue to fail, neglect and refuse to submit timely payments, reports and audit. Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendants and said Defendants' continued refusal to submit timely payments, reports and audit will give rise to a multiplicity of suits unless said Defendants are ordered to submit timely payments, reports and audit pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
### (ASSUMPSIT AND DAMAGES)

17. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 16 of the First Cause of Action hereinabove set forth.

9

18. By said written agreement(s), Defendants agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendants employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendants during the time said agreement(s) were in full force and effect.

19. Defendants' current known delinquencies to the Plaintiffs are as follows:

|   |   |
|---|---|
| a. Contributions (Jan. 2017 report & Aug. 2016 to June 2017 Audit): | $5,912.39 |
| b. Liquidated Damages (Jan. 2017 report & Aug. 2016 to June 2017 Audit): | $3,459.05 |
| c. Interest, through Apr. 30, 2018 ($1.94 per diem): | $   853.48 |
| Total: | $10,224.92 |

plus interest from April 30, 2018, attorneys' fees and costs, for said audit and report periods, plus additional interest accruing thereafter.

20. Defendants may owe Plaintiffs additional monetary payments for Defendants' covered employees, the amount of which

10

is unknown at this time.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

21. Defendants' obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendants may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

22. At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

23. By said agreement(s), Defendants further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendants, Defendants would pay all court and collection costs and reasonable attorneys' fees.

24. By virtue of the foregoing, Plaintiffs have been damaged in the amount of $10,224.92, plus interest at $1.94 per diem from April 30, 2018, and such additional amounts as may be proven at trial of hearing on proof.

25. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

### THIRD CAUSE OF ACTION
### SUCCESSOR AND/OR JOINT EMPLOYER LIABILITY

26. Plaintiffs reallege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 25 of the First and Second Causes Of Action hereinabove set forth.

27. Defendant HAFOKA is the successor, joint employer, and/or alter ego of Defendant TAU as that term is understood under federal labor law, and he is also bound to the said agreements which Defendant TAU is bound, including the requirements to submit to an audit by the Trust Funds to determine his compliance with the said agreements. Defendant HAFOKA is jointly liable for the sum of $10,224.92 which consists

12

of $5,912.39 in known audit and report contributions, $3,459.05 in liquidated damages and $853.48 in interest on said audit and report contributions at the rate prescribed under the agreement(s) through April 30, 2018, and at $1.94 per diem thereafter, in relation to covered work performed by employees of Defendant TAU, along with all amounts, according to proof, for all other contributions payable to the Trust Funds based on the said agreements with the Union.

    28. Accordingly, Defendant HAFOKA is the successor, joint employer and/or alter ego of Defendant TAU and is liable to Plaintiffs, pursuant to the terms of said agreements with the Union set forth in Paragraph 7, above, for the amounts owed herein described as owed to Plaintiffs by Defendant TAU, and for any additional amounts found to be due under said agreements.

    WHEREFORE, Plaintiffs pray for relief and judgment against TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba "TAU MASONRY" ("Defendants"), jointly and severally, as to the First, Second and Third Causes of Action hereinabove set forth, as follows:

1. That the Court orders Defendants to submit timely reports and payments in accordance with said agreement(s).

2. That the Court orders Defendants to permit Plaintiffs to audit its payroll books and records for the period of July 2017 through the present in accordance with said agreement(s).

3. That the Court awards to Plaintiffs and against Defendants such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court awards to Plaintiffs and against Defendants interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s). 29 U.S.C. § 1132(g).

DOCSNT\LBT368A\130249\966315.v1-5/14/18

5. That the Court orders and compels Defendants to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6. That the Court awards the Plaintiffs and against the Defendants the sum of $5,912.39 in known January 2017 report and August 2016 to January 2017 audit contributions, plus interest on said contributions at the rate prescribed under the agreement(s) of twelve percent (12%) in the minimum amount of $853.48 through April 30, 2018, and at $1.94 per diem thereafter.

7. That the Court awards the Plaintiffs and against the Defendants liquidated damages for the January 2017 report and August 2016 through January 2017 audit contributions as provided in said trust agreement(s) of $3,459.05; or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater. 29 U.S.C § 1132(g).

8. That the Court awards the Plaintiffs and against the Defendants such additional amounts, including, but not limited to, liquidated damages, interest (12%) on any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

9. That the Court awards the Plaintiffs and against the Defendants all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

10. That the Court orders and awards any further and additional relief as the Court deems proper.

DATED: Honolulu, Hawaii, _May 17_, 2018.

**WEINBERG, ROGER & ROSENFELD**

_____
ASHLEY K. IKEDA
JERRY P.S. CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
LABORERS' TRUST FUNDS

DOCSNT\LBT368A\130249\966315.v1-5/14/18