WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
         jchang@unioncounsel.net

Attorneys for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS et al., <br><br>                Plaintiffs, <br><br>   vs. <br><br> TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba TAU MASONRY, <br><br>                Defendants. <br> _____ | CIVIL NO. 18-00182-LEK-KJM <br><br> **FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba TAU MASONRY** <br><br> **Hearing Date: August 30, 2018** <br> **Time:  8:30 a.m.** <br> **Hon. Kenneth J. Mansfield** |

130249\985305

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba TAU MASONRY**

Plaintiffs HAWAII LABORERS' TRUST FUNDS ("Plaintiffs" or "Trust Funds") Motion for Entry of Default Judgment Against Defendants TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba TAU MASONRY ("Defendants"), having come on for hearing before the Honorable Kenneth J. Mansfield, Magistrate Judge on August 30, 2018 at 8:30 a.m. with Jerry P.S. Chang, Esq. appearing for Plaintiffs, and no other party appearing.  The Defendants have made no opposition, appearance or other communications, and the Court having read the memoranda, declarations, and exhibits in support thereto, the Court also citing to *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), having considered the evidence presented, and having heard oral argument, and being fully advised in the premises and good cause appearing therefor, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiffs' Motion for Entry of Default Judgment Against Defendants.

130249\985305

2

The Court bases its recommendation upon the following findings:

## FINDINGS OF FACT

1. Defendant TAU MASONRY, LLC is a limited liability company doing business in the State of Hawaii. Defendant TAUSINGA HAFOKA is an individual doing business in the State of Hawaii as TAU MASONRY.

2. Defendants entered into a Laborers' Project Agreement Masonry Contractors ("Project Agreement") binding them to the Labor Agreement Covering Construction Masonry Laborers in the State of Hawaii, with the Laborers' International Union of North America, Local 368 ("Union") and the Trust Agreements appurtenant thereto, which said Agreements obligated Defendants to make contributions to the Trust Funds for each hour of work performed by a covered employee in Defendants' employment. The Project Agreement binding Defendants to the Labor Agreement Covering Construction Masonry Laborers in the State of Hawaii is dated June 30, 2016, and is Exhibit "A" to the Complaint. [Doc. Nos. 1-1, and 1, respectively.]

3. Pursuant to the Labor Agreement Covering Construction Masonry Laborers in the State of Hawaii ("Labor Agreement" or "CBA"), Defendants not only agreed to make contributions to the various Trust Funds, but agreed to pay them on a monthly basis and to submit monthly reports showing the monthly total of hours worked for each employee covered by the CBA. Pursuant to the Labor Agreement, Defendants also agreed to allow the Trust Funds' representatives to audit their records and agreed to provide the Trust Funds with "information and records necessary" to administer the various Trust Funds. [Doc. No. 18-5].

4. Pursuant to the Labor Agreement, Defendants agreed that if the Trust Funds were required to bring legal action to recover delinquent contributions, Defendants would be liable for the delinquent contributions, plus liquidated damages of $20 or 20%, per fund, of the delinquency (whichever was higher) and interest at the rate of 12%.[1]

---

[1] ERISA, Section 1132(g)(2), liquidated damages are mandatory, not discretionary under Ninth Circuit law. Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1342 (9th Cir. 1988); Operating Engineers Pension Trust v. Beck Engineering & Surveying Co., 746 F.2d 557, 569 (9th Cir. 1984).

5.  Pursuant to the Labor Agreement, Defendants agreed to pay reasonable attorneys' fees and costs incurred if the Trust Funds were required to retain legal counsel for the collection of any delinquency.[2]

6.  As of the date of the Complaint filed on May 17, 2018 [Doc. No. 1], by virtue of the subject agreements, based upon the January 2017 report and August 2016 to June 2017 audit, Defendants owed $5,912.39 in unpaid contributions and $3,459.05 in liquidated damages[3], and interest (12%) under the CBA on unpaid contributions to April 30, 2018 of $853.48 ($1.94 per diem), for a total then due of $10,224.92. [Doc. 18-3] ("Tonini Decl." ¶9).

7.  Due to Defendant's failure to file an answer or respond to the Complaint, a Request for Entry of Default was filed herein on

---

[2] Under the CBA and 29 U.S.C. Section 1132(g)(2), the Defendant must also pay the Trust Funds reasonable attorney's fees and costs.  See also, Parkhurst v. Armstrong Steel Erectors, Inc., 901 F.2d 796, 798-99 (9th Cir. 1990) (Trust Funds entitled to mandatory attorneys' fees award judgment based on interest owed for delinquent contribution payments where Trust Funds prevailed on the issue of interest, citing Section 1132(g)(2)(D)); Operating Engineers Pension Trust v. Reed, 726 F.2d 513 (9th Cir. 1984) (Section 1132(g)(2) mandates awards of interest and fees and costs to the Trust Funds); Kemmis v. McGoldrick, 706 F.2d 993 (9th Cir. 1983).

[3] Laborers Clean-Up Contract Admin. Trust Fund v. Uriarte Clean-Up Service, Inc., 736 F.2d 516 (9th Cir. 1984).

June 22, 2018 [Doc. No. 14] and Default was entered by the Court on June 25, 2018 [Doc. No. 15].

    8.    Plaintiffs then filed their Motion for Entry of Default Judgment against Defendants on July 23, 2018 [Doc. No. 18].

    9.    According to the Motion for Entry of Default Judgment, the current amounts due from Defendants are:

| | | |
|---|---|---|
| i. | Contributions (Jan. 2017 report and Aug. 2016 to June 2017 audit): | $5,912.39 |
| ii. | Liquidated damages (Jan. 2017 report and Aug. 2016 to June 2017 audit): | $3,459.05 |
| iii. | Interest through June 30, 2018 ($1.94 per diem): | $1,030.35 |
| | Total: | $10,401.79 |

[Tonini Decl. ¶10 and Ex. "A," Doc. Nos. 18-3; 18-4 ]

    10.    The total known amount owed by Defendants as of July 16, 2018 is $10,401.79, and that amount that does not include attorneys' fees and costs, plus interest on the contributions of $1.94 per diem from June 30, 2018.

    11.    Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to Section 14.9(d)(1) of the Labor Agreement, and pursuant to the Employees Retirement Income Security Act, 29

U.S.C. § 1132(g)(2), and as supported by the Declaration of Jerry P.S. Chang, which was submitted with the Motion for Entry of Default Judgment [Doc. No. 18-2].

## RECOMMENDATION

A.  Plaintiffs' Motion for Entry of Default Judgment be GRANTED, and that judgment be entered against Defendants, as follows:

B.  That Plaintiffs' request for judgment against Defendants for contributions (Jan. 2017 report and Aug. 2016 to June 2017 audit), liquidated damages (Jan. 2017 report and Aug. 2016 to June 2017 audit) and interest through June 30, 2018 totaling $10,401.79, plus interest of $1.94 per diem from June 30, 2018 until entry of judgment be granted.

C.  Plaintiffs be awarded the amount of reasonable attorneys' fees (including Hawaii G.E.T.) of $6,465.97, and costs of $552.12.

D.  That Judgment be entered against Defendants in the total amount of SEVENTEEN THOUSAND FOUR HUNDRED NINETEEN DOLLARS AND EIGHTY-EIGHT CENTS ($17,419.88),

plus $1.94 per diem for June 30, 2018 until entry of judgment herein.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 9, 2018.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

---

HAWAII LABORERS' TRUST FUNDS, ETC., et al., Plaintiffs, vs. TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba TAU MASONRY, U.S.D.C.; D. HAW.; CIVIL NO. 18-00182-LEK-KJM; **FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS TAU MASONRY, LLC, a Hawaii Limited Liability Company, and TAUSINGA HAFOKA, individually, and dba TAU MASONRY.**

130249\985305

8